## BUDD WHEEL CO. v. GENERAL MOTORS CORPORATION et al.

### No. 1041.

District Court, D. Delaware.

Sept. 2, 1936.

Richards, Layton & Finger, of Wilmington, Del., Melville Church, of Washington, D. C., and Charles H. Howson (of Howson & Howson), of Philadelphia, Pa., for plaintiff.

William G. Mahaffy, of Wilmington, Del., Thomas G. Haight, of Jersey City, N. J.; and William J. Belknap and Arthur C. Beaumont, both of Detroit, Mich., for defendants.

NIELDS, District Judge.

Motion to dismiss the supplemental bill of complaint as amended.

The grounds of the motion are that the Smith reissue letters patent No. 19,010 is prima facie invalid because of laches in thirteen years' delay in applying therefor, and, further, that the supplemental bill of complaint as amended fails to set forth specific facts and circumstances justifying such delay.

A brief reference to the reissue statutes is illuminating. In the early days of our patent system the presence of one invalid claim in an original patent vitiated the whole patent. The act of 1832 (Act July 3, 1832, 4 Stat. 559) provided a remedy for reissue without penalty. The act of 1836 (Act July 4, 1836, 5 Stat. 117) provided a remedy by reissue where the patentee had claimed too much. Under this act two penalties were imposed if a patentee took a reissue: (1) A re-examination by the

Commissioner of Patents even in respect of claims which had been allowed in the original; and (2) all rights of action under the original patent were lost by the reissue. In 1837 the first disclaimer act was passed (Act March 3, 1837, 5 Stat. 191) under which the patentee might disclaim an invalid claim without incurring any of the penalties resulting from reissue. Under the act of 1836 reissues with broadened claims were permitted on the theory that if a mistake occurred in the issue of a patent correction should be permitted in accordance with the principles of equity. The Supreme Court had decided in Grant v. Raymond, 6 Pet. 218, 8 L.Ed. 376, that a reissue was justified where a mistake could be shown either on the part of the government or on the part of the patentee. This principle of allowing for a correction of mistakes in the case of broadened reissues was recognized for fifty years. Grave abuse having arisen under this liberal view of the reissue statute, in 1882 in the cases of Miller v. Bridgeport Brass Co., 104 U. S. 350, 26 L.Ed. 783, and James v. Campbell, 104 U.S. 356, 26 L.Ed. 786, the Supreme Court denounced reissues with broadened claims unless the reissues had been applied for promptly. The court held that an unexplained delay of over two years in making application would be fatal, by analogy to the permissible two years' public use before application for the original patent. Thereafter reissues with broadened claims, without a showing of diligence, were declared invalid as to the broadened claims.

■ The Smith reissue patent is not a broadened reissue. The new claims added by the reissue are all specifically narrower than the claims of the original patent. The rules of law with respect to the diligence required in filing applications for reissues differ as between broadened reissues and reissues in which the new claims are not broader but narrower. The "two year rule" applicable to broadened reissues does not apply to reissues in which the new claims are narrower than the claims of the original patent. In the case of a broadened reissue, the reissue expands the field covered by the patent beyond that which the claims of the original patent have indicated as the patentee's exclusive field. If such expansion is to be permitted, prompt action on the part of the patentee should be required. In the case of a reissue in which the new claims are not broader but

are narrower, there is no expansion beyond the field pre-empted by the original patent. The same promptness of action required in the case of a broadened reissue is not necessary. In the case of narrower, as distinguished from broader, reissues, reasonable diligence is required after discovery of the defect in the original patent. Where there have been no facts or circumstances to bring the defect to the notice of the patentee or owner, his delay in discovering the defect may have continued without charging him with any lack of diligence and without affecting the validity of the reissue.

■ The amended supplemental bill avers: The original Smith patent was issued July 20, 1920. It was acquired by plaintiff November 12, 1932. The defect in the claims of the original patent was not discovered by or known to any of the prior owners. No use was made of the patent and no defect was discovered. These averments are sufficient to negative laches or unreasonable delay prior to November 12, 1932. It is further averred: Promptly upon the acquisition of the patent, the plaintiff caused the question of the adequacy of the specification and claims to be reviewed by a patent attorney and the defect still remained undiscovered until May 31, 1933, and plaintiff cannot be charged with any negligence or lack of diligence prior thereto. From May 31, 1933, when the defect was first discovered until the actual filing of the reissue application in October, 1933, a period of approximately four months, the owner of the patent was diligently engaged in the steps necessary to prepare the reissue application. The averment is that these steps were taken with all reasonable dispatch.

The averments of the supplemental bill as amended are sufficient to repel any inference of laches arising from delay. In view of these averments, it cannot be held as matter of law that there was inexcusable delay.

■ The invalidity of the patent on the ground of delay in applying for reissue affects only the new reissue claims. The invalidity of such claims on the ground of delay has no effect whatever on the claims carried over into the reissue identical in form with those in the original patent. In a Supreme Court case new claims added by reissue were held invalid on the ground of delay, but the court specifically held that the patent was valid so far as concerns a claim carried over into the reissue from

the original patent. The court said: "The invalidity of the new claim in the reissue does not, indeed, impair the validity of the original claim which is repeated and separately stated in the reissued patent." Gage v. Herring, 107 U.S. 640, 2 S.Ct. 819, 824, 27 L.Ed. 601.

The motion to dismiss must be denied.